# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BHH MANAGEMENT GROUP, INC., | Case No. 2:15-cv-01182-GMN-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | |
| Defendant. | |

This matter is before the Court on Plaintiff BHH Management Group, Inc.'s Motion to Refer Case to United States Bankruptcy Court, District of Nevada (ECF No.16), filed on July 31, 2015. Defendant Federal National Mortgage Association ("Fannie Mae") filed an Opposition (ECF No. 20) on August 21, 2015. BHH Management Group did not file a reply.

## BACKGROUND

This action involves a parcel of real property located in Las Vegas, Nevada. On or about December 15, 2006, Craig Sonke obtained a mortgage with an original principal balance of $190,000.00, secured by a first deed of trust against the Subject Property ("Subject Loan"). Fannie Mae is the current record owner of the Subject Loan as of April 17, 2015.

On or about February 7, 2012, Craig Sonke filed bankruptcy and sold the Subject Property to Plaintiff in the bankruptcy. On or about December 16, 2013, the bankruptcy court issued an order ("Bankruptcy Order") granting Plaintiff title to the Subject Property subject to all liens and encumbrances existing on the Subject Property. The Bankruptcy Order further expressly states, among other things, "[t]his [s]ale does not affect the secured creditors' abilities to exercise their remedies against the Property, including enforcing their security interests under a Note and Deed of Trust by foreclosing on the Property." Pursuant to the Bankruptcy Order, on or about December

17, 2013, a quitclaim deed was recorded, granting Plaintiff title to the Subject Property subject to any and all claims, liens and other encumbrances.

In this case, Plaintiff sued Fannie Mae to obtain title to the subject property free and clear of all properly recorded liens, as well as damages and fees. The Complaint alleges Fannie Mae knew of Plaintiff's interest in the Subject Property when Fannie Mae was assigned the Subject Loan in April 2015. Despite this, Fannie Mae allegedly refused to negotiate with Plaintiff regarding the Subject Loan. Plaintiff also alleges Fannie Mae failed to give Plaintiff any notice of the Notice of Sale recorded on April 17, 2015.

Plaintiff now moves to transfer this case to the United States Bankruptcy Court for the District of Nevada. Plaintiff argues this case concerns a dispute over the scope of the agreement entered between the Bankruptcy Trustee and Plaintiff, and that the case should therefore be referred to the bankruptcy court for disposition. Defendant responds that there is no basis to refer this matter to bankruptcy court. According to Defendant, this lawsuit does not involve the Bankruptcy Order granting Plaintiff title to the real property subject to Fannie Mae's mortgage interests. Rather, the Complaint disputes the propriety of foreclosure proceedings that occurred in 2015, two years after the bankruptcy issues were resolved.

**DISCUSSION**

Plaintiff was not a Debtor in the bankruptcy action. Plaintiff is asserting non-bankruptcy claims against Fannie Mae. An adjudication of such claims therefore has no effect on any bankruptcy estate. While it is true that the Bankruptcy Order provided the bankruptcy court with jurisdiction to adjudicate all disputes relating to the Order, there is nothing in the underlying Complaint that disputes, contests or otherwise implicates the Order. The Bankruptcy Order granted Plaintiff title interest in the Subject Property subject to Fannie Mae's mortgage interests in the Subject Loan. The Complaint does not allege that Fannie Mae is contesting Plaintiff's title to the Subject Property. Nor does the Complaint allege Fannie Mae's interest was extinguished as a result of the sale of the Subject Property in Debtor's bankruptcy. Rather, the Complaint's sole basis for its state law claims is that the 2015 foreclosure proceeding that Fannie Mae initiated against the Subject Property is invalid because Plaintiff did not receive notice of the foreclosure sale. These

facts and circumstances are clearly separate and distinct from the Bankruptcy Order.

Accordingly, Plaintiff's Motion to refer this matter to the Bankruptcy Court is denied.

**IT IS HEREBY ORDERED** Plaintiff's Motion to refer this matter to the Bankruptcy Court (ECF No. 16) is **denied.**

DATED: September 17, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**