UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BHH Management Group, Inc., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-1182-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| Federal National Mortgage Association, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Federal National Mortgage Association ("Fannie Mae"). Plaintiff BHH Management Group, Inc. ("BHH"), filed a response in opposition, (ECF No. 22), and Fannie Mae replied, (ECF No. 23). For the reasons set forth herein, the Motion will be granted.

**I.    BACKGROUND**

This case centers upon interests held by BHH and Fannie Mae in real property located at 9612 Christine View Court, Las Vegas, Nevada, 89129 (the "Property"). (Compl. 1:19-21, Ex. A to ECF No. 3). On March 11, 2002, Craig and Sandra Sonke obtained a loan in the amount of $190,000 that was secured by a deed of trust on the Property. (Deed of Trust, Ex. 2 to ECF No. 3).[1] The Complaint alleges that the Sonkes subsequently filed for bankruptcy on February 7, 2012. (Compl. ¶ 5). In the midst of the bankruptcy proceedings, the Sonkes' interest in the Property was sold to BHH by the Bankruptcy Trustee. (Bankruptcy Trustee's Quitclaim Deed, Ex. 8 to ECF No. 3). On December 27, 2013, the Bankruptcy Trustee recorded a quitclaim deed which stated that BHH took title to the property "SUBJECT TO ANY AND ALL CLAIMS, LIENS, AND OTHER ENCUMBRANCES," and that BHH would have the power

---

[1] As matters of public record, the Court takes judicial notice of the documents attached to the Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

to, *inter alia*, "make decisions for and negotiate regarding" the interest in the Property formerly held by the Sonkes. (*Id.*).

The Deed of Trust was subsequently assigned to Fannie Mae on April 17, 2015. (Assignment, Ex. 5 to ECF No. 3). On that same day, MTC Financial, as trustee for Fannie Mae recorded a notice of trustee's sale, which indicated that the total amount of the unpaid balance owed to Fannie Mae was $181,596.62. (Notice of Sale, Ex. 9 to ECF No. 3). BHH alleges that it reached out to Fannie Mae to re-negotiate the terms of the mortgage loan, but Fannie Mae refused to entertain any negotiation. (Compl. ¶ 6). Additionally, BHH alleges that Fannie Mae did not make any attempt to notify BHH that it planned to foreclose upon the property, beyond recording the Notice of Trustee's Sale. (*Id.* ¶ 8).

On May 15, 2015, before the trustee's sale could be held, BHH filed the instant action in Clark County District Court. Fannie Mae removed the case on June 22, 2015, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. for Rem. ¶¶ 4-6). The Complaint sets forth claims against Fannie Mae for: (1) quiet title; (2) declaratory relief; (3) fraud; (4) negligent misrepresentation; and (5) unjust enrichment.

In the instant Motion, Fannie Mae argues that BHH's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegation are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id*. Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

In the instant Motion, Fannie Mae argues that all of BHH's claims should be dismissed. The Court will address each of BHH's claims in turn.

#### A. Quiet Title and Declaratory Relief

Under Nevada law, a claim to quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013). Furthermore, a quiet title claim "does not require any particular elements, but each party must plead and prove his or her own claim to the property in question." *Id.*

In this case, BHH has failed to state a claim for quiet title or declaratory relief because it does not allege that Fannie Mae has asserted an adverse claim to the Property. Indeed, BHH acknowledges that Fannie Mae was properly assigned the mortgage loan and currently possesses a valid lien upon the property. (Compl. ¶ 4); (Resp. 5:3-4). Similarly, both parties acknowledge that BHH is the owner of the Property, subject to Fannie Mae's lien. (Mot. 3:25); (Compl. ¶¶ 4-6). Accordingly, because BHH fails to allege that Fannie Mae has claimed an adverse interest in the property, the Court finds it has failed to sufficiently state a claim for quiet title or declaratory relief. Because the lack of an adverse claim to the Property cannot be remedied by amendment, these claims will be dismissed with prejudice.

#### B. Fraud and Negligent Misrepresentation

To sufficiently plead a claim of fraud, a plaintiff must allege that: (1) a defendant made a false representation; (2) the representation was made with the defendant's knowledge or belief that the representation was false (or knowledge that it had an insufficient basis for making the representation); (3) the defendant intended to induce the plaintiff to act or refrain from acting in reliance upon the misrepresentation; (4) the plaintiff justifiably relied upon the

misrepresentation; and (5) the plaintiff suffered damage as a result of the reliance. *Bulbman, Inc. v. Nevada Bell*, 825 P.2d 588, 592 (Nev. 1992).

Similarly, a claim of negligent misrepresentation requires that a plaintiff allege: (1) that a defendant made a false representation; (2) that the representation was made in the course of the defendant's business or in any action in which he had a pecuniary interest; (3) the representation was for the guidance of others in their business transactions; (4) the representation was justifiably relied upon; (5) that such reliance resulted in pecuniary loss to the plaintiff; and (6) that the defendant failed to exercise reasonable care or competence in obtaining or communicating the information. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, 460 F. Supp. 2d 1246, 1262 (D. Nev. 2006); *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998).

Additionally, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for claims alleging fraud or misrepresentation. *LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1245 (D. Nev. 2014). In order to sufficiently plead these claims, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

In this case, BHH sets forth only generic allegations regarding Fannie Mae's purported fraudulent and misleading statements. Indeed, the Complaint asserts that Fannie Mae "made false representations that led [BHH] to believe [Fannie Mae] was dealing in good faith in attempting to negotiate their lien," and that Fannie Mae "supplied false information for the guidance of [BHH] in its business transactions with [Fannie Mae] when it assured [BHH] that it would review offers to settle the lien amount." (Compl. ¶¶ 23, 32).

As these allegations are merely generic statements of wrongdoing that do not identify any particular false representations made by Fannie Mae, they fail to satisfy the exacting requirements set forth in Rule 9(b). Thus, BHH has failed to sufficiently state a claim for fraud

or negligent misrepresentation, and the Motion to Dismiss will be granted as to these claims. Because the failure to set forth particularized allegations can be corrected through amendment, the dismissal will be without prejudice.

### C. Unjust Enrichment

Under Nevada law, "Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *In re Amerco Derivative Litig.*, 252 P.3d 681, 703 (Nev. 2011). In this case, BHH fails to allege that Fannie Mae has wrongfully retained any benefit whatsoever. As discussed *supra*, BHH and Fannie Mae agree that BHH is the owner of the Property, subject to Fannie Mae's lien. Because a claim for unjust enrichment requires that a party *presently* possess a benefit that should belong to another, BHH's allegations that Fannie Mae could foreclose on the Property at some point in the future are insufficient to establish a valid claim for relief. *See Lan Fang Cui v. Nat'l Default Servicing Corp.*, No. 2:15-CV-0387-GMN-GWF, 2015 WL 6436312, at *5 (D. Nev. Oct. 21, 2015) ("Unless and until Green Tree forecloses and sells the Property, it has not retained a benefit which in equity and good conscience belongs to another."). Thus, the Motion to Dismiss will be granted as to BHH's claim for unjust enrichment. Because this deficiency cannot be corrected through amendment, the dismissal will be with prejudice.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Fannie Mae's Motion to Dismiss, (ECF No. 10), is **GRANTED**.

**IT IS FURTHER ORDERED** that BHH's claims for quiet title, declaratory relief, and unjust enrichment are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that BHH's claims for fraud and negligent misrepresentation are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that BHH shall have **until February 19, 2016**, to file an amended complaint which corrects the deficiencies in its claims for fraud and negligent misrepresentation. Failure to file by this deadline will result in dismissal of these claims with prejudice.

**DATED** this __9__ day of February, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge